# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1832V
Filed: January 26, 2022
UNPUBLISHED

| | |
|---|---|
| RAYMOND P. BRADY,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Special Master Daniel Horner<br><br>Ruling on Entitlement; Concession; Table Injury; Tetanus diphtheria acellular pertussis (Tdap) vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Michael J Burns*, Bowen & Burns, Southampton, PA, for petitioner.
*Adriana R. Teitel*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On December 3, 2019, Raymond Brady ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of his December 7, 2016 Tetanus diphtheria acellular pertussis ("Tdap") vaccination. Petition at 1.

On January 25, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that:

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

> DICP has concluded that petitioner's medical course is consistent with SIRVA as defined by the Vaccine Injury Table and corresponding Qualifications and Aids to Interpretation. Specifically, petitioner had no pre-vaccination history of pain, inflammation, or dysfunction of his left shoulder; pain occurred within 48 hours after recipe of an intramuscular vaccination; pain and reduced range of motion were limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). Additionally, based on the medical records outlined above, petitioner suffered the residual effects of his condition for more than six months. Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act. *See* 42 U.S.C § 300aa-13(a)(1)(B): 42 U.S.C. § 300aa-11(c)(1)(D)(i).

*Id.* at 7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master
