# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-1832V
Filed: April 11, 2024

| | |
|---|---|
| RAYMOND P. BRADY,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>    Respondent. | Special Master Horner |

*Michael J. Burns*, Bowen & Burns, Southampton, PA, for petitioner.
*Alexis B. Babock*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 3, 2019, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). (ECF No. 3.) Petitioner alleged that he suffered a shoulder injury resulting from his December 7, 2016 diphtheria tetanus and acellular pertussis ("DTaP") vaccination. (*Id.*) On November 3, 2022, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 61.)

On June 22, 2023, petitioner filed a motion for attorneys' fees and costs. (ECF No. 67.) Petitioner requests attorneys' fees in the amount of $13,020.00 and attorneys' costs in the amount of $1,430.19. (*Id.* at 8.) Petitioner has not identified any personally incurred expenses. Thus, the total amount requested is $14,450.19.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On June 30, 2023, respondent filed a response to petitioner's motion.  (ECF No. 68.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent "respectfully the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  §300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $14,450.19[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Michael J. Burns, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck ex rel. Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.